ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 6 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-01-CR-0340-L |
| | § | NO. 3-05-CV-0884-L |
| PAUL WAYNE HOLT | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Paul Wayne Holt, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to: (1) using, carrying, and possessing a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); and (2) unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Punishment was assessed at consecutive 120-month sentences on each count followed by supervised release for a period of five years. His convictions and sentences were affirmed on direct appeal. *United States v. Holt*, 104 Fed.Appx. 427, 2004 WL 1835983 (5th Cir. Aug. 17, 2004), *cert. denied*, 125 S.Ct. 918 (2005). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that his consecutive 120-month sentences for two related gun crimes constitute "impermissible double counting" in violation of the Fifth Amendment to the United States Constitution. This claim fails for two reasons. First, defendant

waived his right to seek post-conviction relief as part of the plea agreement. The agreement provides, in pertinent part:

> Except as otherwise provided, . . . the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) . . . the Court's denial of his Motions to Suppress Evidence and Statements, (b) any punishment imposed in excess of a statutory maximum, (c) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court, and (d) ineffectiveness of counsel.

(Plea Agr. at 4, ¶ 11). The validity of such a waiver has been consistently upheld by the Fifth Circuit. *See, e.g. United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Because his "impermissible double counting" argument does not come within any enumerated exception to the waiver provision, defendant is precluded from collaterally attacking his convictions and sentences on that ground.

Moreover, post-conviction relief under section 2255 is limited to constitutional issues which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992). Assuming *arguendo* that his "impermissible double counting" claim was not waived as part of the plea agreement, defendant has failed to explain why he did not raise that claim on direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (collateral challenge may not substitute for direct appeal).[1]

---

[1] Defendant, through his court-appointed lawyer, raised one issue on direct appeal-- whether the evidence was sufficient to support the interstate commerce element of the felon-in-possession charge. The court of appeals held that the claim was foreclosed by Fifth Circuit precedent. *Holt*, 2004 WL 1835983 at *1 (citing cases).

## RECOMMENDATION

It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that defendant is not entitled to relief. Accordingly, his motion to correct, vacate, or set aside sentence should be summarily denied. *See* RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 4(b).

DATED: May 6, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE